## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

In re:                                             BKY No.:  09-50779

Dennis E. Hecker,                                           Chapter 7 case

                    Debtor.
_____
                                        Adv. Case No.:  10-5___

Randall L. Seaver, Trustee,

                    Plaintiff,

vs.                                                **ADVERSARY COMPLAINT**

Denny Hecker's Automotive Group, Inc.,

                    Defendant.
_____

       Randall L. Seaver, Trustee ("**Trustee**") of the bankruptcy estate of Dennis E. Hecker ("**Debtor**"), as and for his Complaint against Denny Hecker's Automotive Group, Inc. ("**Defendant**") states and alleges as follows:

       1.      The Trustee is the duly appointed Chapter 7 Trustee of the bankruptcy estate of the Debtor.

       2.      This bankruptcy case was commenced on June 4, 2009 by the filing of a voluntary Chapter 7 Petition.

       3.      This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

       4.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334.  This case arises under 11 U.S.C. §105 and Bankr. Rule 7001(9).

5.      Defendant is a Minnesota corporation which was entirely owned by Debtor Dennis E. Hecker.

6.      Defendant was controlled by the Debtor.

7.      On September 30, 2005 Gelco Corporation d/b/a GE Fleet Services ("**Gelco**") entered into a Sales Commission Agreement ("**SCA**") with Defendant, Walden Fleet Services II, Inc. and the Debtor.

8.      In reality, the rights under the SCA were entirely the property of the Debtor. Evidence of the same is that:

(a)      The value transferred pursuant to the equity interest was Debtor's equity interest in Rosedale Leasing of Minnesota LLC.

(b)      Debtor, alone, could control the recipient of the payments due under the SCA.

(c)      The SCA called for the services of the Debtor, alone.

(d)      The Debtor deposited for his own personal benefit payments made under the SCA.

(e)      In his bankruptcy schedules, Debtor scheduled as a personal asset the rights under the SCA.

(f)      Debtor testified that the rights under the SCA were his own, personal, asset.

## COUNT I - DECLARATORY RELIEF

9.      Plaintiff realleges the foregoing Paragraphs of this Adversary Complaint.

10.     Plaintiff is entitled to declaratory relief pursuant to Minn. Stat. Ch. 555 and 11 U.S.C. §541 determining that all rights under the SCA are truly property of the bankruptcy estate of Dennis E. Hecker.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order and Judgment against Defendant Denny Hecker's Automotive Group, Inc. as follows:

1.     Pursuant to Count I, determining that all rights of Denny Hecker's Automotive Group, Inc. under the SCA are property of the bankruptcy estate of Dennis E. Hecker.

2.     Such other relief as the Court deems just and equitable in the premises.

                                **LEONARD, O'BRIEN**
                                **SPENCER, GALE & SAYRE, LTD.**

                                    /e/  Matthew R. Burton
Dated: December 3, 2010         By_____
                                    Matthew R. Burton, #210018
                                    Attorneys for Randall L. Seaver, Trustee
                                    100 South Fifth Street, Suite 2500
                                    Minneapolis, Minnesota  55402-1216
                                    (612) 332-1030

431285